# COURT OF GENERAL SESSIONS.

### THE STATE vs. JOHN LALLY.

New Castle County, February Term, 1895.

**Indictment. Elections. Fraudulent Registration.**—An indictment charging the defendant with registering " unlawfully and knowingly in two election districts " (naming them) is sufficiently specific, and meets every requirement of the rules governing indictments, in advising the defendant of the charge he has to meet.

**Same.**—Under such an indictment it would be a defence if the defendant could show to the jury that his registering was lawful.

**Evidence. Recognizance.**—A recognizance taken by the Clerk of the Peace in open court and signed in the presence of the deputy is admissible in evidence, upon the identification of the record by the deputy, for the purpose of identfying the recognizor.

**Jury. Reasonable Doubt.**—A reasonable doubt is an actual and substantial doubt which arises out of the evidence produced, and not one which has to be sought for and in a manner created.

**Same. Elections. Fraudulent Registration.**—It is necessary for the jury to be satisfied beyond a reasonable doubt that the person before them charged with the offence, whatever may be his name, did the act with which he is charged. It is no difference under what name the person registered, the simple question being did he knowingly register in two election districts in the city of Wilmington.

The defendant was indicted under section 33, chapter 39, volume 19, Laws of Delaware, providing for the registering of voters

in the city of Wilmington, the charge being for registering "unlawfully and knowingly in two election districts, to wit, the Third Election District of the First Ward and the Third Election District of the Third Ward of the said city of Wilmington."

*Whiteman*, for the defendant, moved to quash the indictment on the ground that it was uncertain in its terms, and did not inform the defendant as to what charge he is called upon to answer. He contended that it is one distinct offence, under the statute, for a person to register knowingly and unlawfully in two election districts, not having a right to register in any election district or anywhere in the State, and another offence to register in one election district having a right to register therein and after having so registered then to register or attempt to register in some other district, not having a right to register therein; that it nowhere appeared in the indictment whether this defendant had a right to register in one of those election districts, or whether he had a right to register in neither of said election districts.

LORE, C. J. The simple fact in the first case of his having registered knowingly in two districts, is a distinct offence, made so by the law. Reference has been made to Sec. 22 which covers practically the same thing. These provisions overlap each other, but there is a distinct, substantive complete offence in itself, and this is an indictment under the express provision which defines the crime clearly, unmistakably, fully, meeting every requirement, we think—and we are quite unanimous about it—of the rules governing indictments.

*Mr. Whiteman.* Under the election laws of this State it is the duty of every registration officer within the borders of the State to put upon his register the name of every male citizen who applies; but it nowhere appears in the indictment that the defendant was not registered as a disqualified voter in one of the election districts specified, whereas he may have had a right to register in another

Motion to Quash.

election district; and therefore the defendant is not sufficiently informed of what he is called upon to answer.

LORE, C. J. Is he not advised of what his offence is, that is of registering twice? Then he may come before the jury and say, "True I did register improperly, but I did it rightfully." He could not be punished if he could show his name was there twice, once rightfully as qualified and again as not qualified. It is a matter of defence; and if you prove before the jury that his registering in two districts was proper, the Court would direct the jury to acquit him.

*Mr. Whiteman.* The third point which I wish to bring to the attention of the Court is, that under this same statute a man may register in one election district, having a right to register therein at that time, and after that registration he may remove to another election district, which removal is provided for under this same statute, by a certificate to be entered in the district to which he removes.

LORE, C. J. Would not that be a defence just the same as the other? Would that not be an answer to this indictment? It does not go to quash the indictment, but would be a complete answer to it.

*Mr. Whiteman.* The Court in this case having recognized them of sufficient force, if true, to constitute a good and sufficient defence, I ask your Honors is not this defendant entitled before going to trial to know by this indictment which of his defences he must prepare?

LORE, C. J. You want us to be more specific than the law has laid it down. We don't think we can be more particular than the law in specifying this particular offence. You present your points very clearly, but unfortunately we cannot agree with you.

CULLEN, J.   The act says " shall knowingly or fraudulently register in two election districts."   That is the offence.

LORE, C. J.   There is a specific charge, and if as a matter of defence he can show before this jury that this registration was lawful, then it is a defence.   But the indictment comes absolutely within the statute and within the rules of criminal proceedings in advising the defendant of what he has to meet.

George Janvier, Deputy Clerk of the Peace, was called by the State, and having identified the record of a recognizance taken by the Clerk of the Peace in open Court, testified that the signature of John Lally to a certain recognizance so taken in open Court had been affixed by the defendant in the presence of the witness.

*Nicholson,* Attorney General, thereupon offered the recognizance in evidence.

*Victor B. Woolley,* for the defendant, objected to the admission of the recognizance in evidence on the ground that it has not been properly proven; because W. P. Biggs, the Clerk of the Peace, whose name appears upon the recognizance as a witness thereto, is the best witness to testify to the fact that the witness signed the recognizance.

LORE, C. J.   A majority of the Court think it is admissible.

MARVEL, J., (charging the jury.)
John Lally, whom you have been impanelled to try, has been indicted for illegally registering under Section 33 of Chap. 39, Vol. 19 Laws of Delaware.

The section of the statute under which this indictment is drawn is, " or shall knowingly or fraudulently register in two election districts;" the language of the indictment being that the defendant " did unlawfully and knowingly register in two election districts; to wit, the Third Election District of the First Ward

and the Third Election District of the Third Ward of the said city of Wilmington."

Under the provisions of this Act it is not necessary that a criminal intent should be proved. The simple question to be decided by you is, has the act which is prohibited by the statute been committed—the act in this case being unlawfully and knowingly registering in two election districts within the city of Wilmington.

We would say to you that, as a general rule, it is necessary to prove intent; but the Legislature in the exercise of the police power can make, and has made a large class of acts—where the welfare of the community has been considered—unlawful. An instance of which is found in the liquor law. If a licensed liquor dealer sells intoxicating liquor to a minor, he is subject to the penalty of the law. Although he may use all precaution and care, may inquire as to the man's age and be of the opinion that he is above the age of twenty-one years, yet if he sells to him, and he be under the age of twenty-one years, then he is liable to the penalties of the law—the question simply being, has he sold to a minor?

So in this instance, it is not a question of intent, but has the defendant, John Lally, registered in two election districts, in the said city of Wilmington?

This construction of such a statute—as was said in charging the jury in *State vs. Caldwell*, 1 Marvel 555, has been lately approved and settled in a case in England, being that of *Regina vs. Tolson*, L. R. 23 Q. B. D. 169.

The Court has been asked to charge you as to necessary proof of identity. The charge is, that the person called John Lally, now in the presence of the Court, registered in two election districts, in the city of Wilmington. It is very necessary for you to be satisfied beyond a reasonable doubt from the evidence as delivered from the stand, that the person before you, charged with the offence, whatever may be his name, registered in two election districts in this city. It is no difference under what name he registered, the simple question is, " Did he knowingly register in two election districts in this city ?"

You have heard the testimony in this case. It is unnecessary for me to review that evidence. It is upon that evidence you are to decide this case.

If you are satisfied that the facts proven are true beyond a reasonable doubt, then your verdict should be, guilty in manner and form as he stands indicted.

But the Court has been asked to explain to you what is a reasonable doubt. We would say to you that this must be an actual and substantial doubt, which arises out of the evidence produced, and not one which has to be sought for and in a manner created. It must be one which, when you come to consider the evidence before you, spontaneously forces itself upon you and compels your judgment to hesitate. If you have such a doubt, then your verdict should be, not guilty.

*Verdict,* " *Guilty, with a recommendation to the mercy of the Court.*"

*Nicholson,* Attorney General, for the State.
*Victor B. Woolley* and *J. Harvey Whiteman,* for the defendant.